**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK by LETITIA JAMES, Attorney General of the State of New York,<br><br>                Plaintiff,<br><br>    v.<br><br>AMAZON.COM INC., AMAZON.COM SALES, INC., and AMAZON.COM SERVICES LLC,<br><br>                Defendants. | No. 1:21-cv-01417-JSR |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

ARGUMENT .................................................................................................................... 5

I.    The case should be remanded because there is no original diversity jurisdiction. ............. 6

II.   The case should be remanded because there is no original federal question
      jurisdiction. ........................................................................................................... 11

III.  Amazon's attempt to skirt long-settled law that federal defenses cannot provide
      original federal question jurisdiction should be rejected. .................................................. 16

CONCLUSION ................................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alaska v. U.S. Dep't of Transp.*,
868 F.2d 441 (D.C. Cir. 1989)..........................................................................8

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*,
458 U.S. 592 (1982)..........................................................................................7, 8

*Bd. of Comm'rs of Se. La. Flood Protection Auth.-E. v. Tenn. Gas Pipeline Co.*,
850 F.3d 714 (5th Cir. 2017) ..........................................................................15

*Bus. for a Better N.Y. v. Angello*,
341 F. App'x 701 (2d Cir. 2009) .....................................................................13

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987)..............................................................................5, 11, 13-14

*Connecticut v. Physicians Health Servs. of Conn., Inc.*,
287 F.3d 110 (2d Cir. 2002).............................................................................7

*Cuomo v. Dreamland Amusements, Inc.*,
No. 08 Civ. 6321 JGK, 2008 WL 4369270 (S.D.N.Y. Sept. 22, 2008)...................8

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
547 U.S. 677 (2006).........................................................................................11

*Fin. & Trading, Ltd. v. Rhodia S.A.*,
No. 04 CIV. 6083 (MBM), 2004 WL 2754862 (S.D.N.Y. Nov. 30, 2004)............12

*Finkielstain v. Seidel*,
857 F.2d 893 (2d Cir. 1988).............................................................................9

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*,
463 U.S. 1 (1983)................................................................................6, 14, 17, 18

*Gade v. Nat'l Solid Wastes Mgmt. Ass'n*,
505 U.S. 88 (1992)............................................................................................13

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005)......................................................................................11, 12, 14

*Gully v. First Nat. Bank*,
299 U.S. 109 (1936).........................................................................................17

*In re Standard & Poor's Rating Agency Litig.*,
    23 F. Supp. 3d 378 (S.D.N.Y. 2014)................................................................................ *passim*

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 ..............................................................................................................5

*Lupo v. Human Affairs Int'l, Inc.*,
    28 F.3d 269 (2d Cir. 1994)...........................................................................................5

*Major League Baseball Properties, Inc. v. Price*,
    105 F. Supp. 2d 46 (E.D.N.Y. 2000) ...........................................................................17

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
    571 U.S. 191 (2014)....................................................................................................17

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
    136 S. Ct. 1562 (2016) .................................................................................12, 14, 15

*Moor v. Cty. of Alameda*,
    411 U.S. 693 (1973).....................................................................................................6

*Nevada v. Bank of Am. Corp.*,
    672 F.3d 661 (9th Cir. 2012) .......................................................................................6

*New York by James v. Pennsylvania Higher Educ. Assistance Agency*,
    No. 19 Civ. 9155 (ER), 2020 WL 2097640 (S.D.N.Y. May 1, 2020) .....................8

*Palmer v. Amazon.com, Inc.*,
    No. 20-cv-2468 (BMC), 2020 WL 6388599 (E.D.N.Y. Nov. 2, 2020).............12, 13

*Pan Am. Petroleum Corp. v. Superior Court of Del. for New Castle Cty.*,
    366 U.S. 656 (1961)....................................................................................................15

*People by Underwood v. LaRose Indus. LLC*,
    386 F. Supp. 3d 214 (N.D.N.Y. 2019) .........................................................................9

*People ex rel. Schneiderman v. Greenberg*,
    27 N.Y.3d 490 (2016) ..................................................................................................7

*Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*,
    559 F.3d 772 (8th Cir. 2009) .....................................................................................15

*Postal Tel. Cable Co. v. Alabama*,
    155 U.S. 482 (1894)......................................................................................................6

*Purdue Pharma L.P. v. Kentucky*,
    704 F.3d 208 (2d Cir. 2013)......................................................................................5, 9

*Rubin v. MasterCard Int'l, LLC,*
    342 F. Supp. 2d 217 (S.D.N.Y. 2004) ......................................................... 5, 6, 11, 16

*San Diego Bldg. Trades Council v. Garmon,*
    359 U.S. 236 (1959) ................................................................................................ 13

*Seabrook v. Jacobson,*
    153 F.3d 70 (2d Cir. 1998) ...................................................................................... 8

*State of N.Y. by Abrams v. Gen. Motors Corp.,*
    547 F. Supp. 703 (S.D.N.Y. 1982) ................................................................ 9, 10, 11

*State v. Cortelle Corp.,*
    38 N.Y.2d 83 (1975) ................................................................................................. 2

*Sullivan v. Am. Airlines, Inc.,*
    424 F.3d 267 (2d Cir. 2005) .................................................................................. 13

*United Mine Workers v. Gibbs,*
    383 U.S. 715 (1966) ................................................................................................. 8

*W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.,*
    815 F.2d 188 (2d Cir. 1987) ............................................................................ 17, 18

*West Virginia ex rel. McGraw v. Eli Lilly & Co.,*
    476 F. Supp. 2d 230 (E.D.N.Y. 2007) .................................................................. 15

**FEDERAL STATUTES**

12 U.S.C.
    § 85 ......................................................................................................................... 13
    § 86 ......................................................................................................................... 13

28 U.S.C.
    § 1331 ................................................................................................................. 1, 11
    § 1332 ................................................................................................................... 1, 6
    § 1367 ................................................................................................................... 1, 2
    § 1441 ................................................................................................................... 1, 5
    § 1447 ................................................................................................................... 1, 2

29 U.S.C. § 1132 ........................................................................................................ 13

29 U.S.C. § 185 .......................................................................................................... 12

**STATE STATUTES**

New York Executive Law
    § 63 ................................................................................................................. *passim*

New York Labor Law

   § 200.................................................................................................................. *passim*

   § 215..................................................................................................................1, 3, 4, 5

   § 740..................................................................................................................1, 3, 4, 5

## MISCELLANEOUS AUTHORITIES

10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2767 (2d
   ed. 1983) .......................................................................................................................18

## INTRODUCTION

Plaintiff, the People of the State of New York, by their attorney, Letitia James, Attorney General of the State of New York ("Attorney General" or "State"), brought this action in state court to enforce state labor laws relating to health and safety standards and workers' anti-retaliation and whistleblower rights in order to protect New Yorkers during an unprecedented pandemic.  The complaint alleges that Amazon has repeatedly and persistently failed to institute reasonable and adequate measures to prevent the spread of the COVID-19 virus among in-person workers at Amazon facilities and has engaged in unlawful retaliation to silence workers' complaints.  As Amazon's conduct violates New York Executive Law § 63(12) and New York Labor Law §§ 200, 215, and 740, the Attorney General seeks injunctive relief, disgorgement, restitution, and damages on behalf of the People of the State of New York.

Without any proper basis, Defendants Amazon.com, Inc., Amazon.com Sales, Inc., and Amazon.com Services LLC (collectively, "Amazon") improperly removed the State's action to this Court on February 17, 2021, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441.  Amazon takes the unsupportable position that the Court has original diversity and federal question jurisdiction over the State's case.  Accordingly, pursuant to 28 U.S.C. § 1447, the Attorney General seeks remand of the action to the state forum where it belongs.

First, no diversity jurisdiction exists here.  Diversity jurisdiction can only exist between citizens of different states, but it is well settled that no state can be a "citizen" for purposes of diversity jurisdiction.  Nor can Amazon create diversity by painting the State of New York as a mere nominal party and Amazon's workers—who are not parties to this case—as the real parties in interest.  When, as here, the Attorney General brings an action to enforce state law pursuant to her exclusive authority, she acts in the sovereign interest of the State.

1

Second, there is no "arising under" federal question jurisdiction.  The Attorney General brings only state labor law claims, none of which depend on proving any violation of federal law. Amazon's arguments that the State seeks to supplant federal laws in enforcing the New York Labor Law ("NYLL") boil down to preemption defenses under the Occupational Safety and Health Act ("OSH Act") and the National Labor Relations Act ("NLRA").  And it is well-settled that preemption defenses cannot provide a basis for removal.

Third, in an attempt to evade that black letter law, Amazon claims that this Court independently has original federal question jurisdiction over the Attorney General's request that the state court find repeated violations of the NYLL.  This novel argument fundamentally mischaracterizes the nature of the State's case and should be rejected.[1]

For these reasons, the State respectfully requests that the Court summarily remand this case to the state forum in which the Attorney General filed it.  Moreover, the Attorney General requests that this Court grant costs, expenses, and attorney fees to the State pursuant to 28 U.S.C. § 1447(c), as there was no colorable basis for Amazon's removal.

## BACKGROUND

On February 16, 2021, following an 11-month investigation, the Attorney General commenced this labor law enforcement action in New York State Supreme Court.  *See* Compl. ¶ 43 (ECF No. 1, Ex. A).  The Attorney General's claims here were all brought under her express authority under New York Executive Law § 63(12) to seek relief "in the name of the people of the state of New York" for "repeated fraudulent or illegal acts . . . in the carrying on, conducting or transaction of business."  *See State v. Cortelle Corp.*, 38 N.Y.2d 83, 85 (1975) (holding that Executive Law § 63(12) "provided standing in the Attorney-General to seek redress and

---

[1] Because there is no original jurisdiction over any of the State's claims, the Court does not have supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claim either.

additional remedies for recognized wrongs").  Specifically, the complaint identified three state labor laws to support the Attorney General's claims of "illegality" under New York Executive Law § 63(12): NYLL § 200, which requires employers to provide reasonable and adequate protection to the lives, health, and safety of their employees, and NYLL §§ 215 and 740, which are New York's anti-retaliation and whistleblower protection laws, respectively.

Throughout the COVID-19 pandemic, Amazon has repeatedly and persistently failed to comply with its obligation under New York law to institute reasonable and adequate measures to protect its workers from the spread of the COVID-19 virus in its New York City fulfillment and distribution facilities, JFK8 and DBK1. Compl. ¶¶ 3–4.  Despite employing thousands of in-person workers across these facilities in Staten Island and Queens, *id.* ¶¶ 45–46, Amazon has flagrantly disregarded health and safety requirements, threatening serious illness and grave harm to the workers, their families, and their communities and posing a continued substantial and specific danger to the public health, *id.* ¶¶ 3, 129.

Since at least March 2020, Amazon failed to comply with requirements for cleaning and disinfection when an infected worker had been present in its facilities; failed to adequately identify and notify potential contacts of such infected workers; and failed to ensure that its discipline and productivity policies, as well as productivity rates automated by line-speeds, permitted its employees to take the time necessary to engage in hygiene, sanitation, social-distancing, and necessary cleaning practices. *Id.* ¶¶ 51–77.  Amazon's response to the pandemic continues to be deficient with respect to ventilation, cleaning, and disinfection; and limiting, through monitoring productivity and time off task, employees' ability to take steps that are necessary to maintain social distancing, clean their workstations, and engage in sanitary and

hygienic practices necessary to protect themselves and co-workers from the spread of the virus. *Id.* ¶¶ 100–06.

Amazon has also taken unlawful retaliatory action against employees who made complaints about such inadequacies to Amazon management, government agencies, and the media.  Amazon's actions against these visible critics who advocated for Amazon to fully comply with legal health requirements sent a chilling message to other Amazon employees, who now reasonably fear that Amazon will retaliate against them as well if they make legitimate health and safety complaints.  *Id.* ¶¶ 78–99.

The Complaint asserts five causes of action against Amazon.  Each arises wholly under state law.  *Id.* ¶¶ 111–50.  And each is premised on the Attorney General's express and exclusive authority under New York Executive Law § 63(12) to bring an enforcement action to halt or otherwise seek relief for unlawful business activity.

The Attorney General's first cause of action alleges a violation of NYLL § 200 for Amazon's repeated and continued business practices, which have illegally and materially failed to provide reasonable and adequate protection to the health and safety of its employees.  *Id.* ¶¶ 111–14.  The Attorney General brings two causes of action asserting violations of NYLL § 215 for Amazon's unlawful retaliation against two workers who made reasonable and good-faith complaints to Amazon managers, government agencies, and the media that Amazon had failed to provide reasonable and adequate protection to the lives, health, and safety of its employees.  *Id.* ¶¶ 115–21, 133–39.  The Attorney General also brings two causes of action alleging violations of NYLL § 740 for Amazon's unlawful retaliation against those workers after they complained to Amazon managers and government agencies about Amazon's failure to

comply with applicable health and safety standards.  *Id.* ¶¶122–32, 140–50.  None of these causes of action rely on an allegation that Amazon violated federal law.

The Attorney General seeks injunctive relief (1) enjoining Amazon from engaging in unlawful practices which fail to reasonably and adequately protect the lives, health, and safety of its employees; (2) requiring Amazon to take all affirmative steps, including changing policies, conducting training, and undergoing monitoring, to ensure reasonable and adequate health and safety measures; (3) ordering Amazon to distribute notices and provide training to employees on their rights under NYLL §§ 215 and 740; and (4) ordering Amazon to train supervisors and managers about compliance with NYLL §§ 215 and 740.  In addition, the Attorney General seeks damages and injunctive relief on behalf of the two workers who suffered unlawful retaliation.  The Attorney General also seeks disgorgement under New York Executive Law § 63(12).

## ARGUMENT

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if "the district courts of the United States have original jurisdiction" over the case.  28 U.S.C. § 1441(a).  Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc*., 28 F.3d 269, 274 (2d Cir. 1994)) (alteration omitted); *see also Rubin v. MasterCard Int'l, LLC*, 342 F.

Supp. 2d 217, 218 (S.D.N.Y. 2004).  The removing party bears the burden of proving federal

removal jurisdiction.  *Rubin*, 342 F. Supp. 2d at 219.

The presumption against federal jurisdiction is "especially strong" where, as here,

Amazon seeks to remove an action brought by the State to vindicate its sovereign and quasi-

sovereign interests in enforcing its own state laws and in protecting its own citizens.  *See In re*

*Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 385 (S.D.N.Y. 2014); *see also*

*Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) (holding that where attorney

general brings action in state court to enforce its own state laws and alleges only state law causes

of action to protect state residents, the "claim of sovereign protection from removal arises in its

most powerful form") (internal quotation marks omitted)).  As the Supreme Court has explained:

"[C]onsiderations of comity make [federal courts] reluctant to snatch cases which a State has

brought from the courts of that State, unless some clear rule demands it."  *Franchise Tax Bd. v.*

*Constr. Laborers Vacation Tr.*, 463 U.S. 1, 21 n.22 (1983).  Here, the Attorney General seeks to

vindicate the State's sovereign and quasi-sovereign interests in enforcing its labor laws and

protecting New Yorkers.  No rule demands removal, much less a "clear rule."

I.      **The case should be remanded because there is no original diversity jurisdiction.**

Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction over all civil

actions where the matter in controversy exceeds the sum or value of $75,000 and is between

citizens of different States.  Contrary to Amazon's contention that complete diversity exists

among the parties, however, New York is not a citizen of a state for purposes of diversity

jurisdiction.  Indeed, "[t]here is no question that a State is not a 'citizen' for purposes of the

diversity jurisdiction."  *Moor v. Cty. of Alameda*, 411 U.S. 693, 717 (1973); *see also Postal Tel.*

*Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894) ("A state is not a citizen.").  Complete diversity

is therefore lacking here.

Faced with a clear bar to diversity jurisdiction, Amazon asserts that the State is only a nominal party in this dispute and that the real parties in interest are the employees of JFK8 and DBK1.  Am. Notice of Removal ¶ 17 (ECF No. 13).  Specifically, ignoring the Attorney General's authority under New York Executive Law § 63, Amazon argues that the State has no quasi-sovereign interest in this case because it has coordinated with and requested relief for JFK8 and DBK1 employees, who, therefore, are the real parties in interest.  *Id.* ¶¶ 20–23.  Amazon is wrong on all counts.[2]

As an initial matter, all of Amazon's arguments depend on its assertion that the State brings this action only in a *parens patriae* capacity—"the common-law principle that a sovereign, as 'parent of the country,' may step in on behalf of its citizens to prevent 'injury to those who cannot protect themselves.'"  *Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 119 (2d Cir. 2002) (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982)).  But the State's complaint did not rely on *parens patriae* standing.  The Attorney General initiated this action pursuant to her express statutory authority under Executive Law § 63(12) to enforce state laws governing business entities and seek special remedies—statutory authority that is vested in the Attorney General alone and that no private party can enforce.[3]  *See* N.Y. Exec. Law § 63(12) (authorizing the Attorney General to sue for equitable relief, restitution, and damages for illegal business conduct).

---

[2] Notably, Amazon has not even established that all former, current, and future JFK8 and DBK1 workers are diverse citizens for the purposes of jurisdiction.  As noted, *see infra* 9, Amazon employs thousands of workers across these facilities.  There is no evidence that no employee is a citizen of Delaware or Washington.

[3] For example, the State of New York seeks disgorgement of Amazon's wrongfully obtained profits.  *See* Compl. at 28–29.  That equitable remedy is available to the Attorney General alone, pursuant to her authority under Executive Law § 63, not to private parties, *see People ex rel. Schneiderman v. Greenberg*, 27 N.Y.3d 490, 497–98 (2016), confirming that this action could not have been brought by Amazon workers and that, in fact, the State is the real party in interest.

When acting upon its express statutory authority to enforce state law, the State is acting in its sovereign capacity. *See Alfred L. Snapp & Son*, 458 U.S. at 601 (explaining the sovereign interest in the "exercise of sovereign power over individuals and entities within [its] jurisdiction—[including] the power to create and enforce a legal code, both civil and criminal"); *Alaska v. U.S. Dep't of Transp.*, 868 F.2d 441, 443 n.1 (D.C. Cir. 1989) (explaining that the court "need not delve into the issue of *parens patriae* standing" because States' "sovereign interest in law enforcement is sufficient to support standing"); *New York by James v. Pennsylvania Higher Educ. Assistance Agency*, No. 19 Civ. 9155 (ER), 2020 WL 2097640, at *11 (S.D.N.Y. May 1, 2020) ("[T]he Supreme Court has recognized that a sovereign is injured by a violation of its law."). As such, the State is the real party in interest—a conclusion that is "manifest in the fact that the case is brought by the state attorney general under [her] exclusive authority.'" *In re Standard & Poor's*, 23 F. Supp. 3d at 404 (recognizing Mississippi as the real party in interest in action to enforce state consumer protection and deceptive business practice statutes against rating agencies).[4]

---

[4] Amazon attempts to obfuscate this straightforward conclusion by asserting that New York is bringing claims under state labor laws that only provide private rights of action. *See* Am. Notice of Removal ¶ 21. But Executive Law § 63 provides the Attorney General with the authority to enforce state labor law—authority that Amazon fails to discuss or even cite. *See, e.g.*, *Cuomo v. Dreamland Amusements, Inc.*, No. 08 Civ. 6321 JGK, 2008 WL 4369270, at *4 (S.D.N.Y. Sept. 22, 2008) (finding that Attorney General had authority under Executive Law § 63(12) to investigate and enforce state labor law). Not only has Amazon therefore waived any argument that Executive Law § 63 does not apply here, but such a dispute would be for a state court to resolve in the first instance. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) (explaining that when a "state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts").

Even if the State had sued pursuant to its *parens patriae* authority, it would still be the real party in interest.  *State of N.Y. by Abrams v. Gen. Motors Corp*., 547 F. Supp. 703, 705 n.5 (S.D.N.Y. 1982) ("Because of the State's quasi-sovereign interest . . . , it would have parens patriae standing to bring this action even without the authority provided by New York Executive Law § 63(12).").  Under *parens patriae* doctrine, the State may "sue as a real party if it articulates a 'quasi-sovereign interest' distinct 'from the interests of particular private parties.'" *People by Underwood v. LaRose Indus. LLC*, 386 F. Supp. 3d 214, 217–18 (N.D.N.Y. 2019) (quoting *Purdue Pharma*, 704 F.3d at 215).  A state has recognized quasi-sovereign interests in (1) the physical and economic health "of its residents in general," and in (2) "securing an honest marketplace in which to transact business."  *Id.* (internal quotation marks omitted).  Here, a review of the whole complaint reveals both these interests.[5]

First, the complaint clearly reflects the State's "interest in the health and well-being . . . of its residents in general."  *Purdue Pharma,* 704 F.3d at 215.  The State brought this action not only to ensure the health of current and future Amazon workers by mitigating the spread of COVID-19, but also to address the "continued substantial and specific danger *to the public health.*"  Compl. ¶ 3 (emphasis added).  Recognizing that JFK8 alone employs more than 5,000 workers, *id.* ¶ 45, and "that a single person with COVID-19 is likely to infect five or six other individuals absent aggressive social distancing practices," *id.* ¶ 20, the State's complaint shows an obvious quasi-sovereign interest in ensuring that Amazon facilities with thousands of in-

---

[5] When considering if the State's complaint reflects a "quasi-sovereign" interest, an "inquiry must be made as to the 'essential nature and effect of the proceeding.'"  *Purdue Pharma*, 704 F.3d at 218 (quoting *Finkielstain v. Seidel*, 857 F.2d 893, 895 (2d Cir. 1988)).  Consistent with that rule, courts look to the whole complaint rather than the nature or effect of any one claim.  *In re Standard & Poor's*, 23 F. Supp. 3d at 402 (Outside of now-abrogated cases, "the overwhelming weight of authority supports the whole-complaint approach to determining who the real party in interest is for general diversity purposes.").

person workers do not become clusters that spread a virus that has already killed over 50,000 New Yorkers, *id.* ¶¶ 23–24.

Second, the purpose of the State's complaint is to promote proper business conduct and ensure that current and future Amazon employees have a safe and honest workplace. *Id.* ¶ 99. To that end, unlike the unreported cases that Amazon cites, *see* Am. Notice of Removal ¶¶ 19–21, the State here is not merely seeking monetary damages to make specific individuals whole. *See* Compl. at 28–29. Instead, New York is seeking broader injunctive relief—such as enjoining practices that fail to protect the health and safety of Amazon employees, ordering changes to relevant policies, mandating monitoring to ensure compliance, compelling additional anti-retaliation training, and requiring notice to workers that they have a right to raise health and safety concerns. *Id.* "That type of prospective relief goes beyond addressing the claims of previously injured organizations or individuals. It is aimed at securing an honest marketplace, promoting proper business practices, protecting [residents], and advancing [the State's] interest in the economic well-being of its residents." *In re Standard & Poor's*, 23 F. Supp. 3d at 405 (internal quotation marks omitted). "Indeed, the fact that the State is seeking injunctive relief, by itself, supports the position that the State is the only real party in interest."[6] *Id.* (internal quotation marks omitted).

Contrary to Amazon's assertions, *see* Am. Notice of Removal ¶ 22, that the State seeks restitutionary relief or damages for any aggrieved persons does not indicate otherwise. "Recovery of damages for aggrieved [workers] is but one aspect of the case." *Gen. Motors Corp.*, 547 F. Supp. at 706–07. "That recovery on behalf of an identifiable group is also sought

---

[6] As noted above, *see supra* note 3, that the State is seeking the equitable relief of disgorgement is another fact that, "by itself, supports the position that the State is the only real party in interest." *In re Standard & Poor's*, 23 F. Supp. 3d at 405 (internal quotation marks omitted).

should not require this Court to ignore the primary purpose of the action and to characterize it as one brought solely for the benefit for a few private parties." *Id.* at 707.[7]  The State is the real party in interest.  There can be no diversity jurisdiction.

## II.    The case should be remanded because there is no original federal question jurisdiction.

Amazon's Amended Notice of Removal also asserts "arising under" federal question jurisdiction under 28 U.S.C. § 1331, which authorizes federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  But federal question jurisdiction does not exist where there is a mere possibility that an issue of federal law may arise.  *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) ("[I]t takes more than a federal element 'to open the "arising under" door.'") (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).  Amazon fails to show "more than a federal element" here.

"A court must determine whether there is a federal question by reference to the 'well-pleaded complaint' doctrine, which requires that the court look solely to the claims pleaded by plaintiffs and ignore potential defenses or counterclaims."  *Rubin*, 342 F. Supp. 2d at 219; *see also Caterpillar, Inc.*, 482 U.S. at 392.  The Attorney General brings claims exclusively under New York Executive Law § 63(12) based on violations of three provisions of New York's Labor Law and does not assert any federal causes of action.

---

[7] Nor should the fact that New York has a common interest agreement with plaintiffs in another case reduce this action to "one brought solely for the benefit for a few private parties."  *Gen. Motors*, 547 F. Supp. at 706–07.  The relevance of a common interest agreement is debatable, as demonstrated by Amazon's failure to cite a single case explaining the probative value of such an agreement.  If anything, though, the common interest agreement shows that the Attorney General is acting in service of the State's quasi-sovereign interest because the investigation concerns "protecting workers from COVID-19 *and* preventing spread of the virus to the public."  Am. Notice of Removal ¶ 20 (emphasis added).

"[A]bsent a federal claim on the face of the well-pleaded complaint," removal is justified in two situations—neither of which applies here: "First, where federal law completely preempts state law in the field, and second, where the plaintiff's state law claim necessarily turns on the resolution of a substantial federal question." *Fin. & Trading, Ltd. v. Rhodia S.A.*, No. 04 CIV. 6083 (MBM), 2004 WL 2754862, at *4 (S.D.N.Y. Nov. 30, 2004).  Only three federal statutes completely preempt state law—none of which is at issue here.  *See infra* 12–13.  And the Supreme Court has explained that the second situation is limited to a "special and small" set of cases where the state-law claim "'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance' of federal and state power." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016) (quoting *Grable*, 545 U.S. at 314).

While careful not to explicitly use the word "preemption," Amazon insinuates that this case falls into the first situation and should be removed because the OSH Act and the NLRA preempt the Attorney General's claims.  *See, e.g.*, Am. Notice of Removal ¶ 30 ("New York 'cannot enforce state occupational safety and health standards for issues covered by a federal standard.'" (quoting *Palmer v. Amazon.com, Inc.*, No. 20-cv-2468 (BMC), 2020 WL 6388599, at *9 (E.D.N.Y. Nov. 2, 2020)); *see also id.* ¶ 39 (asserting that the State's retaliation claims "seek[] to regulate concerted activity protected by the [NLRA] and within the exclusive jurisdiction of the NLRB").  But it is well-established that ordinary preemption is not enough to support removal, which is warranted only when the extraordinary circumstance of complete preemption is satisfied.  The Supreme Court "has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185; § 502(a) of the Employee Retirement Income Security

Act (ERISA), 29 U.S.C. § 1132(a); and §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–

86." *Sullivan v. Am. Airlines, Inc*., 424 F.3d 267, 272 (2d Cir. 2005) (internal citations omitted).

None of those statutes is at issue here.  Instead, Amazon invokes the OSH Act and the NLRA,

neither of which completely preempts state law.[8]

Because, "at bottom, to the extent that there is anything in [the OSH Act or the NLRA]

that speaks to the [Attorney General's] claims, [Amazon's] argument is nothing more than a

claim of defensive preemption," it is "not sufficient to give rise to federal jurisdiction."[9]  *In re*

*Standard & Poor's*, 23 F. Supp. 3d at 397 (remanding nineteen states' claims where defendant

was effectively arguing that the scope and nature of a federal statute and its regulatory scheme

preempted the states' actions or certain aspects of the relief they sought).  It is black letter law

that defenses, even based on federal preemption, cannot give rise to federal question subject

matter jurisdiction.  *See Sullivan*, 424 F.3d at 273 ("The Supreme Court has left no doubt . . . that

a plaintiff's suit does not arise under federal law simply because the defendant may raise the

defense of ordinary preemption.").  Indeed, "it is now settled law that a case may *not* be removed

to federal court on the basis of a federal defense, including the defense of pre-emption, even if

---

[8] Indeed, *Palmer v. Amazon*, which Amazon cites, notes that "'[f]ederal regulation of the workplace was not intended to be all encompassing,'" and that "by including th[e OSH Act's] savings clause 'Congress expressly carved out of its preemption rules state common law and statutory tort remedies.'"  *Palmer*, 2020 WL 6388599, at *9 (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 96 (1992); *Bus. for a Better N.Y. v. Angello*, 341 F. App'x 701, 705 (2d Cir. 2009)); *see also San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 243–44 (1959) (announcing two exceptions to the general rule of NLRA preemption: (1) a state retains authority to regulate conduct that is only a "peripheral" concern of the NLRA, and (2) a state retains authority to regulate conduct that touches "interests so deeply rooted in local feeling and responsibility" that a court should not infer preemption in the absence of "compelling congressional direction").

[9] This is confirmed by Amazon's E.D.N.Y. complaint against the Attorney General, which brings two claims of relief on the basis of, *inter alia*, federal preemption.  *See, e.g.*, Compl. ¶¶ 204, 207, 214, 217, ECF No. 1, *Amazon.com, Inc. v. Attorney General Letitia James*, No. 21 Civ. 767 (BMC) (E.D.N.Y. Feb. 12, 2021).

the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Bd.*, 463 U.S. at 12); *see also id.* at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under the NLRA does not establish that they are removable to federal court.").[10]

Recognizing, as it must, that there is no complete preemption and that defensive preemption is not grounds for removal, Amazon repackages its preemption defenses as "disputed and substantial federal issues." Am. Notice of Removal ¶¶ 9, 28, 43. It tries to squeeze this case into the second situation, *i.e.*, the "special and small" set under the *Grable* standard. But the Attorney General's state-law claims simply do not meet the *Grable* test for federal question jurisdiction. As the Supreme Court explained in *Merrill Lynch*, federal jurisdiction over state-law claims will not lie unless the claim "rises or falls on the plaintiff's ability to prove the violation of a federal duty." 136 S. Ct. at 1569. The Attorney General's NYLL claims do not rise or fall on the State's ability to prove a violation of federal law. Nor do the Attorney General's state-law claims require construing the OSH Act or the NLRA in any way, challenge an OSHA- or NLRB-created program, or seek relief for having to comply with an OSHA- or NLRB-created duty.[11]

---

[10] Amazon also points to references to OSHA standards in an April 22, 2020 letter from the Attorney General and mention of the NLRB in a March 30, 2020 tweet by the Attorney General, *see* Am. Notice of Removal ¶¶ 32, 42. These "preliminary" assessments of Amazon's conduct do not relate to the face of the State's complaint, and again, Amazon's arguments simply amount to potential preemption defenses.

[11] Amazon also raises a concern about the "uniform application of federal law across the country," Am. Notice of Removal ¶ 44, but the Supreme Court has "denied that a state court's resolution of state-law claims potentially implicating [a federal statute's] meaning would 'jeopardize the uniform system of regulation' that the statute established" and has noted that its "ability to review state court decisions of federal questions . . . sufficiently protect[s] federal

Amazon maintains that the Attorney General's claims should be adjudicated in federal court because they have significant "implications" for an "extensive federal regulatory scheme." *See* Am. Notice of Removal ¶¶ 37, 44.  Amazon largely relies on out-of-circuit cases for this proposition, but each is distinguishable from the instant case and in tension with *Merrill Lynch*'s teachings.  In Amazon's cited cases, courts denied remand of state-law claims because they turned on the construction of federal law, challenged a federally-authorized program expressly approved by a federal agency, or sought damages resulting from compliance with federal law, respectively.  *See Bd. of Comm'rs of Se. La. Flood Protection Auth.-E. v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 724 (5th Cir. 2017) (state-law claim required construing Clean Water Act to establish duty that did not otherwise exist under state law); *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (state-law claim, on its face, challenged lawfulness of program created by Securities Exchange Commission pursuant to its authority); *West Virginia ex rel. McGraw v. Eli Lilly & Co.*, 476 F. Supp. 2d 230, 234 (E.D.N.Y. 2007) (state claimed damages from drug coverage mandated by federal law).  No similar circumstance is presented here.

Amazon also claims that this case falls into the "special and small" category because the State "asserts Section 200 claims based on Amazon's purported failure to comply with guidance from the U.S. Department of Health and Human Services Centers for Disease Control and Prevention ("CDC") and the New York Forward guidance (which incorporates CDC guidance)." Am. Notice of Removal ¶ 38.[12]  NYLL § 200 requires that all workplaces be "so . . . arranged,

interests."  *Merrill Lynch*, 136 S. Ct. at 1574 (quoting *Pan Am. Petroleum Corp. v. Superior Court of Del. for New Castle Cty.*, 366 U.S. 656, 665 (1961)).

[12] Amazon also claims that the reference to CDC guidelines in the State's complaint raises "disputed and substantial federal issues" relating to the Administrative Procedure Act and Due

operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein."  The Attorney General alleges that Amazon violated NYLL § 200 by, *inter alia*, failing to comply with guidance issued by New York State, New York State's Department of Health, and the CDC.  In making its Section 200 claim, the State is not claiming that Amazon violated any federal law per se but rather that the CDC guidelines help define the "reasonable and adequate" prong of the NYLL § 200 analysis during this unprecedented pandemic.  Incorporating CDC guidance into NYLL § 200 "does not confer federal question jurisdiction."  *Rubin*, 342 F. Supp. 2d at 220 (holding that state statute's reliance on federal court interpretations of a federal statute to define a concept under the state statute did not confer federal subject matter jurisdiction).  Accordingly, removal is not justified.

### III.    Amazon's attempt to skirt long-settled law that federal defenses cannot provide original federal question jurisdiction should be rejected.

Finally, Amazon's third claimed ground for removal under the Declaratory Judgment Act fundamentally mischaracterizes the nature of the State's case.  Despite the fact that, as discussed, the State's complaint raises only state-law claims and implicates no question of federal law that would confer federal-question jurisdiction, Amazon asserts that the State's claims here should somehow be construed as seeking a declaratory judgment under federal law about Amazon's preemption claims in its separate lawsuit against the Attorney General in the Eastern District of New York ("Eastern District" or "E.D.N.Y.").  Am. Notice of Removal ¶¶ 46–49.  This argument makes no sense.

As Amazon itself recognizes, *id.* ¶ 46, the State's complaint seeks relief solely under state law, and does not even mention—let alone request any adjudication of—Amazon's preemption

---

Process protections, Am. Notice of Removal ¶ 38, but these, too, are simply defenses they may assert in state court that do not give rise to federal question jurisdiction.

arguments in E.D.N.Y.  To the extent preemption is an issue at all in this case, it would arise only as a defense to the State's state-law claims, which, as discussed, would be insufficient to establish either federal-question jurisdiction or removal.  *See supra* 12–14.  This Court should reject Amazon's attempt to skirt the well-established precedents discussed above—that a state case may not be removed to federal court on the basis of a federal preemption defense.

The cases cited by Amazon are wholly inapplicable.  In those cases, the courts found that the parties' claims "'*necessarily* present[ed] a federal question'" because, for example, the relevant property rights were "conferred by federal law."  *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 194 (2d Cir. 1987) (quoting *Franchise Tax Bd.*, 463 U.S. at 19 (emphasis added)); *see also Major League Baseball Properties, Inc. v. Price*, 105 F. Supp. 2d 46, 54 (E.D.N.Y. 2000) (noting that parties' dispute centered around the federal RICO statute). Under those circumstances, federal courts have jurisdiction over a lawsuit to enforce federal rights directly or an anticipatory declaratory judgment action seeking to settle those federal rights.  Thus, for example, potential patent infringers may file an action in federal court seeking a declaratory judgment to establish that there has been no infringement *under federal patent law*. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 192 (2014).

This case is entirely different.  Here, the State's claims do not arise under federal law at all, and federal law is relevant only as a preemption defense that Amazon may raise, not as a source of the State's claims.  And again, it is black-letter law that a mere federal preemption defense does not give rise to federal-question jurisdiction—even when "the *only* question for decision is raised by a federal preemption defense."  *Franchise Tax Bd.*, 463 U.S. at 11 (emphasis added); *see also Gully v. First Nat. Bank*, 299 U.S. 109, 116 (1936) ("By unimpeachable authority, a suit brought upon a state statute does not arise under an act of

Congress or the Constitution of the United States because prohibited thereby.").  "[B]ecause the declaratory judgment statute does not expand the jurisdiction of the federal courts," *W. 14th St. Commercial Corp.*, 815 F.2d at 194, Amazon cannot rely on the Declaratory Judgment Act here to create federal jurisdiction that would not otherwise exist.  *See also Franchise Tax Bd.*, 463 U.S. at 16 ("'[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.'" (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2767, at 744–45 (2d ed. 1983)).

## CONCLUSION

For the reasons stated above, Plaintiff requests that the Court remand this case to the Supreme Court of the State of New York, County of New York.

DATED:  March 3, 2021                Respectfully submitted,

                                     LETITIA JAMES
                                     *Attorney General of the State of New York*

                                     By: */s/ Fiona J. Kaye*

                                     KAREN CACACE
                                         *Chief of Labor Bureau*
                                     JULIE R. ULMET
                                         *Deputy Chief of Labor Bureau*

                                     FIONA J. KAYE
                                     DANIELA L. NOGUEIRA
                                     SETH KUPFERBERG
                                     ROYA AGHANORI
                                     JEREMY PFETSCH
                                         *Assistant Attorneys General*

                                     Office of the New York State Attorney General
                                     28 Liberty Street
                                     New York, NY 10005
                                     Phone: (212) 416-8036
                                     Fiona.Kaye@ag.ny.gov

                                     *Attorneys for the State of New York*

19