UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK by LETITIA JAMES, Attorney General of the State of New York,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM INC., AMAZON.COM SALES, INC., and AMAZON.COM SERVICES LLC,<br><br>    Defendants. | No. 1:21-cv-01417-JSR |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

I.      The case should be remanded because there is no original diversity jurisdiction. ...............1

II.     The case should be remanded because there is no original federal question jurisdiction. ........................................................................................................................5

III.    The mirror image rule does not apply here. ........................................................................9

CONCLUSION............................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*,
    458 U.S. 592 (1982) ..................................................................................................... 4, 5

*Benjamin v. JBS S.A.*,
    No. CV 20-2594, 2021 WL 308133 (E.D. Pa. Jan. 29, 2021) ........................................... 8

*Blumenthal v. William George Agency for Children's Servs., Inc.*,
    No. 09CV2086, 2010 WL 1960125 (D. Conn. May 17, 2010) ........................................ 1

*Conn. Comm'r of Labor v. AT&T Corp.*,
    No. 3:06CV01257 (AWT), 2006 WL 3332982 (D. Conn. Nov. 16, 2006) ..................... 4, 5

*Conn. v. Chubb Grp. of Ins. Cos.*,
    No. 3:11CV00997 (AWT), 2012 WL 1110488 (D. Conn. Mar. 31, 2012) ..................... 4, 5

*Connecticut v. Moody's Corp.*,
    No. 3:10CV546 (JBA), 2011 WL 63905 (D. Conn. Jan. 5, 2011) ..................................... 5

*D'Alessio v. New York Stock Exch., Inc.*,
    258 F.3d 93 (2d Cir. 2001) ................................................................................................ 7

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
    547 U.S. 677 (2006) .......................................................................................................... 6

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
    545 U.S. 308 (2005) ................................................................................................. 6, 7, 8

*Gunn v. Minton*,
    568 U.S. 251 (2013) .......................................................................................................... 6

*In re DeFelice*,
    77 B.R. 376 (Bankr. D. Conn. 1987) ................................................................................. 5

*In re Gen. Motors LLC Ignition Switch Litig.*,
    69 F. Supp. 3d 404 (S.D.N.Y. 2014) ................................................................................. 8

*In re Standard & Poor's Rating Agency Litig.*,
    23 F. Supp. 3d 378 (S.D.N.Y. 2014) ............................................................................. 1, 4

*Jock v. Fien*,
    80 N.Y.2d 965 (1992) ....................................................................................................... 6

*Lavastone Capital LLC v. Coventry First LLC*,
   Nos. 14 Civ. 7149, 14 Civ. 7967, 2015 WL 1939711 (S.D.N.Y. Apr. 22, 2015) ................... 10

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia*,
   311 F. Supp. 149 (S.D.N.Y. 1970) ................................................................................... 4, 5

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
   136 S. Ct. 1562 (2016) ........................................................................................................ 6

*Mo., Kan. & Tex. Ry. Co. v. Hickman*,
   183 U.S. 53 (1901) ..................................................................................................... 2, 3, 4

*Moor v. Cty. of Alameda*,
   411 U.S. 693 (1973) .......................................................................................................... 1, 2

*Nevada v. Bank of Am. Corp.*,
   672 F.3d 661 (9th Cir. 2012) ............................................................................................... 5

*People by Underwood v. LaRose Indus. LLC*,
   386 F. Supp. 3d 214 (N.D.N.Y. 2019) ................................................................................. 4

*People ex rel. Spitzer v. Frink Am., Inc.*,
   770 N.Y.S.2d 225 (N.Y. App. Div. 2003) ........................................................................... 2

*People of New York ex rel. Cuomo v. Charles Schwab & Co.*,
   No. 09 Civ. 7709 (LMM), 2010 WL 286629 (S.D.N.Y. Jan. 19, 2010) ...................... 2, 4, 5

*Purdue Pharma L.P. v. Kentucky*,
   704 F.3d 208 (2d Cir. 2013) ................................................................................................ 3

*Rubin v. MasterCard International, LLC*,
   342 F. Supp. 2d 217 (S.D.N.Y. 2004) ................................................................................. 7

*State of N. Y. by Abrams v. Gen. Motors Corp.*,
   547 F. Supp. 703 (S.D.N.Y. 1982) .................................................................................. 2, 4

*State of New York by Abrams v. Camera Warehouse, Inc.*,
   496 N.Y.S.2d 659 (N.Y. Sup. Ct. 1985) .............................................................................. 5

**STATE STATUTES**

New York Executive Law
   § 63 ............................................................................................................................ 1, 2, 8-9

New York Labor Law ............................................................................................... 1, 6, 7, 8, 9

iii

**FEDERAL STATUTES**

28 U.S.C.
   § 1332...................................................................................................................................5
   § 1367.................................................................................................................................10

29 U.S.C.
   § 667...................................................................................................................................8

# INTRODUCTION

The Attorney General sued Amazon in state court on behalf of the People of the State of New York for New York Labor Law violations pursuant to her exclusive authority under New York Executive Law § 63(12).  Amazon improperly removed this case, asserting three meritless grounds for original federal subject matter jurisdiction.  But the State is the real party in interest, which means diversity jurisdiction is lacking.  The State's claims do not necessarily raise any disputed and substantial federal issues.  And the mirror image rule does not apply here.  Accordingly, Amazon has not met its heavy burden to prove federal removal jurisdiction, and the State respectfully requests that the Court remand this case to state court.

# ARGUMENT

**I.    The case should be remanded because there is no original diversity jurisdiction.**

Amazon willfully misconstrues the State's case.  Because it is black letter law that a state party cannot give rise to diversity jurisdiction, *see Moor v. Cty. of Alameda*, 411 U.S. 693, 717 (1973), Amazon resorts to the far-fetched argument that New York is not the real party in interest even though this lawsuit was brought in state court under a state law that expressly confers sovereign enforcement power on the state Attorney General alone.  This Court should reject Amazon's bald attempt to escape the jurisdiction of the state court.

"When the State is asserting a sovereign, quasi-sovereign, or proprietary interest, distinct from the interest of a private party, it is a real party in interest."  *Blumenthal v. William George Agency for Children's Servs., Inc*., No. 09CV2086, 2010 WL 1960125, at *2 (D. Conn. May 17, 2010) (finding that Connecticut was real party in interest in its Attorney General's action to quiet title over a piece of property).  There is no question that when the Attorney General initiates a proceeding to enforce the State's law pursuant to her express and exclusive authority, she is acting in the sovereign interest of the State.  *See In re Standard & Poor's Rating Agency Litig*.,

1

23 F. Supp. 3d 378, 404 (S.D.N.Y. 2014) (explaining that the Mississippi Attorney General's role as the real party in interest is "*manifest* in the fact that the case is brought by the state attorney general under his exclusive authority" (emphasis added)).[1]  Here, as the Attorney General is "the person who, according to the governing substantive law, is entitled to enforce the right," "it is clear that New York is the real party in interest."  *People of New York ex rel. Cuomo v. Charles Schwab & Co.*, No. 09 Civ. 7709 (LMM), 2010 WL 286629, at *5 (S.D.N.Y. Jan. 19, 2010) (internal quotation marks omitted) (rejecting argument that Attorney General was not real party in interest simply because he sought "restitution for an identifiable group of investors" (internal quotation marks omitted)).[2]

---

[1] Amazon's claim that the Attorney General enjoys no exclusive authority under Executive Law § 63(12) demonstrates its ignorance of state law.  *See* Amazon Remand Opp. at 12 (ECF No. 23) (arguing that the Labor Commissioner shares the Attorney General's authority).  "The Attorney General is empowered by section 63(12) to prosecute and seek redress *beyond* the remedies available to the Commissioner of Labor and individual employees in cases of repeated or persistent fraud or illegality."  *People ex rel. Spitzer v. Frink Am., Inc.*, 770 N.Y.S.2d 225, 227 (N.Y. App. Div. 2003) (emphasis added) (internal citation omitted).

[2] Amazon relies on the Supreme Court's decision in *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53 (1901), to argue that Executive Law § 63(12) does not establish the State as the real party in interest because state authority to enforce the law does not demonstrate a state's interest, *see* Amazon Remand Opp. at 12–13.  But *Hickman* suggests the exact opposite.  In *Hickman*, the Missouri Board of Railroad Commissioners sued a railway company over excessive rates.  The central question was whether the Board or the State of Missouri was the real party in interest.  The Court held that the State was not the real party in interest, never questioning that the Board—which was empowered by state law to enforce rate regulations—could be the real party in interest.  *See State of N. Y. by Abrams v. Gen. Motors Corp.*, 547 F. Supp. 703, 706 n.6 (S.D.N.Y. 1982) ("The primary issue in [*Hickman*] was whether the Board of Railroad Commissioners could be considered the alter ego of the state; there was never any question as to whether the Board had a real interest in the controversy.").  Here, the Attorney General is akin to the Board, but, unlike in *Hickman*, is also the alter ego of the State as its chief legal officer.  *See Moor*, 411 U.S. at 717 (differentiating between a "political subdivision" of the state and "the arm or alter ego of the State" for the purposes of citizenship in diversity cases (internal quotation marks omitted)); *Gen. Motors Corp.*, 547 F. Supp. at 706 (defendant conceding that the New York Attorney General is the alter ego of New York State).  And unlike Missouri in *Hickman*, the State here has not a mere "general interest" in the welfare of its residents, but also, like the Board, specific enforcement power conferred by Executive Law § 63(12).

2

Beyond the State's sovereign interests, it has well-established quasi-sovereign interests in the physical and economic health of its residents. *See Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). These interests could not be stronger than when, as here, the State is combatting an unprecedented pandemic that cost the lives of 50,000 New Yorkers, Compl. ¶ 23 (ECF No. 1-1), even after the State declared a disaster emergency, *id.* ¶ 26, closed non-essential businesses, *id.* ¶ 27, and set safety standards for the few essential businesses given special permission to continue in-person operations, *id.* ¶ 49. Amazon's dismissal of the State's interests ignores reality. *See* Amazon Remand Opp. at 13–14.

The State's complaint spends 26 paragraphs explaining the COVID-19 pandemic's effects in New York, the State's response, and the relevant safety standards. *See* Compl. ¶¶ 17–42. Over 30 more paragraphs detail the State's nearly year-long investigation and Amazon's failure to implement sufficient safety measures at facilities that employed thousands of in-person workers at times when non-essential businesses were required to move to remote work. *Id.* ¶¶ 49–77, 100–06. For example, the State alleges that Amazon failed to close off areas visited by ill persons, open doors and windows, or use ventilating fans, *id.* ¶ 52—including failing to close any portion of the JFK8 facility in 80 different instances where an ill worker had been present in the facility within seven days, *id.* ¶ 54. The complaint further explains how Amazon then retaliated against two workers who complained of facility conditions, which, in turn, "wrought a devastating chilling impact on other Amazon employees as well." *Id.* ¶ 99. Ensuring that a viral cluster does not emerge at massive facilities of in-person workers is the palpable driving force behind the State's lawsuit.[3]

---

[3] Amazon argues that the State brings this case on behalf of a group that is both too "circumscribed," Amazon Remand Opp. at 7–10, *and*, in response to the State's clear interests in public health and proper business conduct, also too "general" under *Hickman*, *id.* at 13–15.

To these ends, the State's complaint seeks broad injunctive and equitable relief.  *See* Compl. at 28–29.  Contrary to Amazon's arguments, courts have held that this fact *alone* demonstrates that the State is the real party in interest.[4]  *In re Standard & Poor's*, 23 F. Supp. 3d at 405.  That the State also seeks relief for private parties does not disturb this uncontroversial conclusion.  *Id.* at 406 ("[A]s the overwhelming weight of authority makes clear, the fact that individual . . . consumers could ultimately benefit financially from a favorable resolution of this case does not minimize or negate the State's substantial interest" (internal quotation marks omitted)).  As one Southern District judge has explained, it does not

> make sense in cases, such as the present one, in which a state seeks both injunctive relief against illegal business practices and restitution for victims, to engage in an attempt to characterize one or the other as primary, as if the purposes can be separated from each other.  It is completely understandable that a state should, at the same time, seek to prevent the recurrence of harmful conduct in the future and to remedy the damage it has caused in the past.

*Charles Schwab & Co.*, 2010 WL 286629, at *6 (remanding to state court).

The removal cases Amazon cites are inapposite.  *See* Amazon Remand Opp. at 8–9.[5]  Neither *Chubb* nor *AT&T* involved a request for injunctive relief.  *See Conn. v. Chubb Grp. of*

---

Amazon cannot have it both ways.  As the Supreme Court explained 80 years after *Hickman*, a state "must express a quasi-sovereign interest" to "be more than a nominal party" when suing in a *parens patriae* capacity.  *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 607 (1982).  And "a State has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents in general."  *Id.*  Courts recognize the State as the real party in interest when it acts on those interests.  *See In re Standard & Poor's*, 23 F. Supp. 3d at 405; *Gen. Motors Corp.*, 547 F. Supp. at 705–06 & n.5; *People by Underwood v. LaRose Indus. LLC*, 386 F. Supp. 3d 214, 217–18 (N.D.N.Y. 2019).

[4] Amazon argues that the State's requested injunctive relief does not benefit the State.  *See* Amazon Remand Opp. at 8–9.  But relief that furthers the State's goals of preventing COVID-19 clusters and ensuring safe workplaces clearly serves the State's quasi-sovereign interests.  *See supra* 3.

[5] The sole S.D.N.Y. case that Amazon cites to argue that the State is not the real party in interest, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia*, 311 F. Supp. 149 (S.D.N.Y. 1970), is not a removal case, but a sovereign immunity case where the court found that the State was acting as a receiver of property in a set of interpleader actions and not as a sovereign entity.  *See*

4

*Ins. Cos.*, No. 3:11CV00997 (AWT), 2012 WL 1110488 (D. Conn. Mar. 31, 2012) (seeking back wages and civil penalties on behalf of a single employee); *Conn. Comm'r of Labor v. AT&T Corp.*, No. 3:06CV01257 (AWT), 2006 WL 3332982 (D. Conn. Nov. 16, 2006) (seeking back wages for three former employees). Indeed, *Chubb* distinguishes itself from a case where the State seeks relief that may affect more than a few specific individuals. *Chubb*, 2012 WL 1110488, at *4–5 (distinguishing *Connecticut v. Moody's Corp.*, No. 3:10CV546 (JBA), 2011 WL 63905, at *3 (D. Conn. Jan. 5, 2011)). And as the Ninth Circuit later explained, its *Lucent* decision was distinct from a case where, as here, a state "has a specific, concrete interest" after being "particularly hard-hit" by a "crisis." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012) (holding Nevada to be the real party in interest for the purposes of 28 U.S.C. § 1332(d)(2)(A)).[6] Because the State is the real party in interest here, there is no original diversity jurisdiction.

## II. The case should be remanded because there is no original federal question jurisdiction.

Amazon now claims that it did not remove based on a federal defense of preemption and acknowledges—as it must—that it would be impossible to do so. *See* Amazon Remand Opp. at

---

*Snapp*, 458 U.S. at 601 (differentiating between when a state's action is "based on its sovereign character" and when it has "nonsovereign interests . . . . "[a]s a proprietor"); *Charles Schwab & Co.*, 2010 WL 286629, at *5 (explaining that "*Cavicchia* [is] not [a] removal, but [a] sovereign immunity case[]," implicating Eleventh Amendment objectives that are separate from "[t]he particular objectives of the removal statutes").

[6] Amazon asserts that the footnote in the State's opening brief regarding the potential Delaware or Washington citizenship of the employees is "unfounded." Amazon Remand Opp at 14 (citing Pl. Remand Mem. at 7 n.2 (ECF No. 20)). But it is Amazon's burden to prove complete diversity exists. *See* Pl. Remand Mem. at 6. And Amazon's assertion that New York can only represent its own citizens is wrong. *Cf. In re DeFelice*, 77 B.R. 376, 380 (Bankr. D. Conn. 1987) ("New York's quasi-sovereign interest is served whenever the perpetrators . . . within its borders are brought to justice regardless of whether their victims happen to be citizens.") (citing *State of New York by Abrams v. Camera Warehouse, Inc.*, 496 N.Y.S.2d 659, 660 (N.Y. Sup. Ct. 1985)).

5

16. Tellingly, though, Amazon has shifted gears from its removal notice, trying to distance itself from its improperly repackaged preemption defenses. In its Section II argument, Amazon no longer discusses the OSH Act standards it believes preempt the State's claims as it did in its removal notice, *see* Am. Notice of Removal ¶¶ 31–37, and it avoids any mention at all of the NLRA. Indeed, the only way these statues would arise in the state's case would be as possible defenses. Instead, Amazon claims that this case is removable under a "straightforward application of *Grable*'s 'disputed and substantial' 'federal issue' test"[7] because (1) the complaint alleges that Amazon failed to comply with CDC guidance and (2) the New York Labor Law requires the court to "ascertain whether existing federal health and safety standards govern" before it begins to analyze the NYLL claims. Amazon Remand Opp. at 16–17. Both arguments fail.

*First*, the fact that the Section 200 claim refers to CDC guidelines does not squeeze this case into the "slim category" of state-law claims which involve "pure issues of law" and an application of those issues, which "sensibly belong[] in a federal court." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006). As the State explained in its opening brief, NYLL § 200 "codifies the common-law duty of an owner or employer to provide employees with a safe place to work." *Jock v. Fien*, 80 N.Y.2d 965, 967 (1992). The state court must determine whether Amazon's COVID-19 protocols violate that duty—not whether Amazon violated a federal duty. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016) (holding that federal jurisdiction over state-law claims will not lie unless the

---

[7] A claim falls into *Grable*'s slim category only if all four requirements of the test are met: a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

6

claim "rises or falls on the plaintiff's ability to prove the violation of a federal duty").

Amazon relies on *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93 (2d Cir. 2001), to fit this case into *Grable*, but that case is readily distinguishable. In *D'Alessio*, the "gravamen of [plaintiff's] state law claims" was that the defendant "conspired to violate the federal securities laws . . . and failed to perform its statutory duty, created under federal law." *Id.* at 101. Here, by contrast, the gravamen of the State's claims is that Amazon violated the New York statutory duty of an employer to provide employees with a safe place to work. In analyzing the Section 200 claim, CDC guidelines (in addition to guidance issued by New York State and New York State's Department of Health, which, as Amazon notes, reference OSHA guidelines) may help the court determine whether Amazon's protocols were "reasonable and adequate."[8] But the guidelines referenced in the complaint and New York guidance are just that—guidelines—not federal statutes that Amazon is charged with violating.[9] Moreover, courts in the Second Circuit have held that even where the state-law claims *are* "predicated, in part, on alleged violations of federal law" remand is appropriate where, *inter alia*, "the alleged federal law violations are anything but the only issues contested in the case," and the "federal issues at play are not nearly pure issues of

---

[8] To be clear, contrary to Amazon's assertion, the Attorney General did not "previously agree[]" that the workplace safety issues here are covered by federal standards. Amazon Remand Opp. at 18 n.10. The statement that Amazon's conduct "would likely violate" OSHA standards was in —as Amazon describes it—a letter containing a "preliminary assessment" based on the Attorney General's "cursory investigation to that point," Compl. ¶ 10, ECF No. 1, *Amazon.com, Inc. v. Attorney General Letitia James*, No. 21 Civ. 767 (BMC) (E.D.N.Y. Feb. 12, 2021), and is irrelevant to determining whether the State's complaint necessarily raises a disputed and substantial federal issue.

[9] Amazon asserts that the State's "reliance on *Rubin v. MasterCard International, LLC*, 342 F. Supp. 2d 217 (S.D.N.Y. 2004), is misplaced" because in *Rubin* the challenged conduct "would have been actionable under the state statute 'irrespective of whether plaintiff invoke[d] federal law.'" Amazon Remand Opp. at 18. But this case is like *Rubin*. The failure to protect Amazon's workers would be actionable regardless of whether the Attorney General "invoked federal law"—and again, the Attorney General is not invoking any federal law but rather CDC *guidelines*.

law." *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 69 F. Supp. 3d 404, 415 (S.D.N.Y. 2014) (internal quotation marks omitted).

A recent decision in the Eastern District of Pennsylvania, *Benjamin v. JBS S.A.*, No. CV 20-2594, 2021 WL 308133 (E.D. Pa. Jan. 29, 2021), is also instructive. In *Benjamin*, defendants attempted to remove a state tort suit regarding the death of the plaintiff's father due to inadequate COVID-19 protocols at defendants' meat-processing plant. Defendants argued that the case fit into *Grable*'s slim category because, like here, the complaint alleged that defendants failed to comply with OSHA and CDC guidance. The court rejected this basis for removal and remanded the case, holding that the "fact that the Complaint references OSHA and CDC guidelines is insufficient to 'necessarily raise' a federal issue as required under the first prong of *Grable*." *Id.* at *3.

*Second*, Amazon invokes a provision of the NYLL not at issue here to claim that the State's case necessarily raises a federal question. Amazon Remand Opp. at 16. Amazon's selective quotation of NYLL § 27 misstates the law. Section 27 states that "a safety or health standard *promulgated under this section* shall apply only to employees not covered by a federal occupational safety or health standard promulgated under section six of the [OSH Act]." The State's case does not rest on a standard promulgated under Section 27. That section merely authorizes the New York State Department of Labor Commissioner to promulgate specific safety and health standards applicable to employees not covered by an OSHA standard, which the Commissioner is similarly authorized to do under OSHA itself.[10] Here, the Attorney General is bringing state labor law claims pursuant to her exclusive authority under Executive Law

---

[10] *See* 29 U.S.C. § 667 ("Nothing in this chapter shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no standard is in effect under section 655 of this title.").

8

§ 63(12).[11]  Those claims belong in state court.

### III. The mirror image rule does not apply here.

Amazon tries to portray the State as the party guilty of gamesmanship in this dispute, accusing the Attorney General of a "back-door attempt" to "avoid federal adjudication of the federal issues in Amazon's lawsuit" by filing in state court.  Amazon Remand Opp. at 22, 24.  But the State did not file "claims for declaratory relief in response to Amazon's federal action." *Id.* at 19.  The Attorney General sued Amazon in state court on her state-law claims following an 11-month investigation of Amazon's COVID-19 protocols.  It was Amazon that improperly sought to evade a state forum here by filing an anticipatory declaratory judgment action one business day prior in the Eastern District that expressly sought to prevent or halt the State's imminent state-court lawsuit.[12]  It is inappropriate to apply the "mirror image" rule here.

Amazon asks the Court to find federal question jurisdiction over the State's case because Amazon has requested declaratory and injunctive relief in E.D.N.Y. on OSH Act and NLRA preemption grounds.  *See id.* at 20–21.  To do so would ignore well-established precedent that the defense of preemption cannot confer federal subject matter jurisdiction—precedent which Amazon now admits is controlling here.  *See supra* 5–6 (citing Amazon Remand Opp. at 16).

As explained in the State's opening brief, the cases Amazon cites are inapt because they involve claims that *necessarily* presented federal questions.  Pl. Remand Mem. at 17.  Amazon's

---

[11] Amazon asserts that the Attorney General's NYLL § 740 claims "also raise disputed and substantial federal issues" because they rest on violations of CDC guidance and NYLL § 200. Because the Section 200 claim does not necessarily raise a substantial and disputed federal question, *see supra* 6–9, neither does the Section 740 claim.  And Amazon does not even attempt to argue that the Section 215 claim does.

[12] Contrary to Amazon's assertion, *see* Amazon Remand Opp. 21, the Attorney General does dispute that Amazon's action presents a federal question and, as noted in the State's opposition to Amazon's transfer motion, does not concede that it was properly filed in the Eastern District and intends to move to dismiss Amazon's case, *see* Pl. Transfer Opp. at 2 n.2 & 15.

9

cases establish that federal courts have jurisdiction over a lawsuit to enforce federal rights directly or an anticipatory declaratory judgment action seeking to settle those federal rights. *Id.* The Attorney General's case does neither. Amazon's preemption arguments in E.D.N.Y. will only arise here as defenses; they are not analogous to the federal rights at issue in the cases cited in Amazon's removal notice, namely patent rights, property rights conferred by federal law, a federal RICO claim, and a claim under the Americans with Disabilities Act, respectively. *See* Am. Notice of Removal ¶¶ 47, 49. Amazon has no response to this material distinction.

Amazon newly relies on this Court's decision in *Lavastone Capital LLC v. Coventry First LLC*, Nos. 14 Civ. 7149, 14 Civ. 7967, 2015 WL 1939711 (S.D.N.Y. Apr. 22, 2015). But that case is distinguishable for the same reason as those above. In *Lavastone*, the plaintiff brought state and federal causes of action, including, *inter alia*, RICO, fraud, breach of the covenant of good faith and fair dealing, and fiduciary based claims. The defendant then sought to extinguish plaintiff's claims by filing a declaratory judgment action in state court that the contract at issue in plaintiff's case had not been breached. Plaintiff removed the declaratory judgment action to this Court, which denied defendant's motion to remand, holding that the declaratory judgment claim was "inherently related to the federal RICO claims" in plaintiff's case. *Id.* at *13 n.13. Again, the State's case here, by contrast, is not an anticipatory judgment action seeking to settle affirmative federal rights. The mirror image rule does not apply.[13]

## CONCLUSION

Plaintiff's motion to remand should be granted.

---

[13] As noted in the Attorney General's opening brief, Pl. Remand Mem. 2 n.1, because there is no original jurisdiction over any of the State's claims, the Court does not have supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claim either.

DATED:  March 17, 2021  Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Fiona J. Kaye*

KAREN CACACE
    *Chief of Labor Bureau*
JULIE R. ULMET
    *Deputy Chief of Labor Bureau*

FIONA J. KAYE
DANIELA L. NOGUEIRA
ELIZABETH KOO
SETH KUPFERBERG
ROYA AGHANORI
JEREMY PFETSCH
    *Assistant Attorneys General*

Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8036
Fiona.Kaye@ag.ny.gov

*Attorneys for the State of New York*